73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jimmie Earl STEPHEN, Plaintiff-Appellant,
v.
M.E. HEWITT, Correctional Officer, Calipatria Prison; James
Gomez, Director of Corrections--Sacramento, CA; David
Maschetti, President C.C.P.O.A.--Brawley/El Centro Branch;
B. Prunty, Warden--Calipatria Prison; M.J. D'Arcy,
Sergeant--Calipatria Prison; G. Trujillo,
Lieutenant--Department of Corrections, Calipatria Prison;
Breash, Correctional Officer; Ballard, Lieutenant;
Tingley, Program Admist., Defendants-Appellees.
 No. 94-56257.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 27, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Jimmie Earl Stephen appeals pro se the district court's summary judgment for prison officials in Stephen's 42 U.S.C. Sec. 1983 action alleging a number of civil rights violations. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Initially, the district court properly dismissed Stephen's complaint against defendants Gomez, Prunty, Moschetti, and Tingely on the basis that they could not be held liable under a respondeat superior theory. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Stephens failed to allege sufficient facts to establish a genuine issue as to defendants involvement in, or knowledge of, the alleged violations. See id.
 
 
 4
 The district court properly dismissed Stephen's Eighth Amendment claims. Stephen alleged that the prison's policy of having prisoners lie down on the ground after an emergency alarm constitutes cruel and unusual punishment. Stephen alleged that the ground reaches 130 degrees during the summer and is covered by ants and bugs. Stephen also alleged that the prison's policy of having prisoners stand away from the railing in the cafeteria has been implemented in order to harass the inmates. Stephen's Eighth Amendment claims fail because he failed to establish a triable issue of material fact as to whether the security measures in question were applied "maliciously and sadistically for the very purpose of causing harm." See Robins v. Meecham, 60 F.3d 1436, 1440 (9th Cir.1995) (quoting Wilson v. Seiter, 501 U.S. 294, 302 (1991)); see also Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) (noting that courts should give deference to prison administrators in the adoption of policies to maintain institutional security).
 
 
 5
 Stephen's claim that double-celling violates the Eighth Amendment lacks merit. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981). Stephen's conclusory allegations about the double-celling conditions fail to raise a triable issue of material fact as to whether defendants subjected him to "the unnecessary and wanton infliction of pain" or whether the conditions resulted in a "serious deprivation of basic human needs." Id.
 
 
 6
 Stephen's contention that officials used excessive force to handcuff him lacks merit. Stephen admits that he failed to follow a prison emergency procedure after being ordered to do so. Stephen's allegations that officials pushed and shoved him when they placed him in handcuffs fail to establish a triable issue of fact as to whether the force applied was excessive. See Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (noting that de minimis use of physical force by guards is excluded from Eighth Amendment's prohibition).
 
 
 7
 The district court properly dismissed Stephen's claim for deliberate indifference to serious medical needs arising from his placement in a cell with an inmate who smokes. Stephen's file directed him to be placed with a non-smoker "if possible." The record indicates that defendants temporarily placed Stephen in a cell with an inmate who smoked because of cell shortages due to overcrowding. There is no indication that officials were deliberately indifferent to Stephen's needs, that Stephen was subjected to an unreasonable high level of environmental tobacco smoke, or that the temporary placement posed "an unreasonable risk of serious danger to [Stephen's] future health." See Helling v. McKinney, 113 S.Ct. 2475, 2481-82 (1993).
 
 
 8
 Stephen's contention that officials harassed him by searching his cell lacks merit. The record indicates that the searches of Stephen's cell were conducted pursuant to a security policy that was applied evenly throughout the prison. There is no evidence that the searches of Stephen's cell were conducted solely for purposes of harassment. See Hudson v. Palmer, 468 U.S. 517, 530 (1984).
 
 
 9
 There is no support in the record that Stephen was forced to chose between legal and hygiene supplies. To the contrary, the record indicates that Stephen was never denied copies due to a lack of funds. In any event, Stephen failed to raise a triable issue of fact as to whether he suffered an actual injury from his alleged inability to obtain free photocopying. See Johnson v. Moore, 948 F.2d 517, 521 (9th Cir.1991). As to Stephen's claim that he was denied hygiene supplies, the record indicates that Stephen was provided with soap and that he could purchase shampoo at the prison canteen.
 
 
 10
 Stephen's contention of a civil rights violation resulting from defendants refusal to allow him a prison job in the eyewear division lacks merit. See Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir.1982) (holding that there is no constitutional right to participate in vocational program).
 
 
 11
 Stephen's remaining contentions lack merit.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3